Siobhán McGreal, Esq. (SBN 282196)
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000
smcgreal@consumerlawfirm.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHARLIE JAMES RAY** | **CIVIL ACTION** |
| **Plaintiff,** | **NO. ______________** |
| **v.** | **JURY TRIAL DEMANDED** |
| **SAFETY HOLDINGS, INC. d/b/a SAMBA SAFETY** | **COMPLAINT** |
| **Defendant.** | |

## PRELIMINARY STATEMENT

1. This is a cause of action for damages brought by an individual consumer against Defendant, Safety Holdings, Inc. d/b/a Samba Safety ("Samba Safety") a business entity for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq*.

2. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

3. Defendant is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

4. The FCRA was enacted "to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as Samba Safety.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff Charlie James Ray is an adult individual residing in the state of New York.

8. Defendant Safety Holdings, Inc., d/b/a Samba Safety ("Samba Safety") is a business entity that regularly conducts business in the Eastern District of California, and which has a principal place of business located at 11040 White Rock Rd., #200, Rancho Cordova, CA, 95670.

## FACTUAL ALLEGATIONS

9. On or about January 2026, Plaintiff applied for a position with Win Waste Innovation (hereafter "Win Waste") for a Diesel Mechanic position.

10. As part of his job application, he purportedly authorized Win Waste to conduct a background check on his for employment purposes.

11. In January 2026, Win Waste requested a consumer report from Defendant, and Defendant sold to Win Waste a consumer report concerning the Plaintiff. Win Waste contracts with Defendant to supply "consumer reports" as defined by 15 U.S.C. § 1681a(d) for employment purposes.

12. The consumer report supplied by Defendant contained information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to continue employment generally, and specifically with Win Waste.

13. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff to third parties ("inaccurate information").

14. The inaccurate information includes, but is not limited to, points assigned to a record(s) which were not actually assigned by the North Carolina Division of Motor Vehicles (herein after the "inaccurate information").

15. The inaccurate information grossly disparages the Plaintiff and inaccurately portrays Plaintiff's driving record.

16. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

17. Plaintiff disputed the inaccurate information with Defendant via telephone and by following Defendant's established procedures for disputing consumer information in or around January 2026.

18. Despite Plaintiff's efforts, Defendant, however, has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate

information; and (4) requested or obtained the actual public records, police records or other records relating to the driving record.

19. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, failed to remove the inaccurate information and continued to report the derogatory inaccurate driving record information about the Plaintiff.

20. As a result of the inaccurate report Defendant sold to Win Waste, Plaintiff was denied employment with Win Waste and Plaintiff was informed by Win Waste that the basis for the denial was the inaccurate driving record information that appears on Plaintiff's consumer reports, which was a substantial factor for the denial.

21. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of denied employment opportunities, including, anxiety, frustration, embarrassment, humiliation, and including physical symptoms of emotional distress.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

23. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

**COUNT ONE – VIOLATIONS OF THE FCRA**
**PLAINTIFF v. DEFENDANT**

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. At all times pertinent hereto, Defendant was a “person” and a “consumer reporting agency” as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

26. At all times pertinent hereto, Plaintiff was a “consumer” as that term is defined by 15 U.S.C. § 1681a(c).

27. At all times pertinent hereto, the above-mentioned credit reports were “consumer reports” as that term is defined by 15 U.S.C. § 1681a(d).

28. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency in violation of 15 U.S.C. § 1681e(b) and 1681i.

29. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney’s fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

30. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff’s favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney’s fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Siobhán McGreal*
Siobhán McGreal, Esquire
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000
smcgreal@consumerlawfirm.com

Dated: October 30, 2026

*Attorneys for Plaintiff*